```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/25/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK LUCAS,

          Plaintiff,

vs.

INCREDIMAIL, LTD. and INCREDIMAIL INC., et al.,

          Defendants.

Case No. 08 Civ. 9432 (CM) (GWG)

**Stipulation And Proposed Order**

      IT IS HEREBY STIPULATED AND AGREED by and between the parties and third parties herein, through their undersigned counsel that:

      1.    This Stipulation provides for the confidential treatment of certain documents produced by parties and by non-parties (the "production parties") in Lucas v. IncrediMail, Ltd. et. al., 08-cv-9432 (CM) (GWG) ( the "Action") voluntarily or pursuant to a request for the production of documents or a subpoenas duces tecum. This Stipulation applies to all documents already produced in this action as well as documents to be produced. A producing party may designate as confidential any document that reveals a trade secret or other confidential research, development, or commercial information, any document that otherwise is entitled to protective treatment under Rule 26(c) of the Federal Rules of Civil Procedure, or any document that otherwise can appropriately be designated in good faith as confidential. Such documents, as well as information derived therefrom, shall be referred to herein as "Confidential Material."

2. The producing party shall mark Confidential Material, according to the procedures set forth below, with the following legend: "CONFIDENTIAL." The Confidentiality Legend shall be placed on the face of each document and each page designated as being or containing Confidential Material. Counsel, for any producing party may in good faith designate as Confidential Material any document produced by that party in the course of discovery. Documents that are made available for inspection in response to a request for production need not be marked with the Confidentiality Legend. The producing party shall, however, mark with the Confidentiality Legend those documents that are confidential and/or contain confidential information that are identified by any other party for copying and then copied.

3. A producing party producing Confidential Material also may designate the material as "HIGHLY CONFIDENTIAL" if he, she or it has a good faith belief that the material constitutes commercially sensitive information of the producing party or its clients, including information provided to the producing party by a client or other third party which is the producing party has undertaken to maintain in confidence. Such materials are hereinafter referred to as "Highly Confidential Material."

4. Notwithstanding the above as a general matter, publicly available documents should not be designated as Confidential.

5. Documents produced in discovery in the Action shall be used exclusively for the purposes of conducting discovery, motions, trial, or appeals in the Action. Accordingly, Confidential Material, including Highly Confidential Material, and the contents thereof, shall not be disclosed to anyone or used for any other purposes, including, without limitation, for any business, commercial or competitive purposes, except with the prior written consent of the producing party, or if the Court compels such disclosure or use.

6. Any portion of any deposition transcript taken in this action that references the content or text of Confidential Material, and any exhibits to such transcript containing Confidential Material, shall be treated as Confidential Material and shall not be disclosed to any person or entity other than the person identified in paragraph 7 below, under the procedures outlined therein.

7. Except upon the prior written consent of the producing party, parties to whom Confidential Material is disclosed shall not disclose such Confidential Material to any person other than:

   a. The counsel of the parties subscribing to this Stipulation and their legal, clerical or support staff;

   b. The individual parities, as well as the present or former officers, directors, trustees, or employees of the parties subscribing to this Stipulation (including their corporate affiliates), whose review of the Confidential Material is needed for litigation of the Action;

   c. Experts or consultants who are employed or retained by a party in connection with this action, provided that counsel, in good faith, required their assistance in connection with the Action, further provided that any report created by such expert or consultant relying on or incorporating Confidential Material in whole or in part shall be designated as Confidential Material;

   d. Deponents, witnesses, and court reporters, in accordance with Paragraph 6 above;

   e. Any court of competent jurisdiction before which the Action is pending; and

   f. Outside copy and computer services personnel for purposes of copying, imaging, or indexing documents.

Confidential Material shall not be disclosed to any person identified in subparagraphs (b), (c) and (d) above unless and until such person (i) has been given a copy of this Stipulation and has first agreed in writing to be bound by the terms of this Stipulation in the form of Exhibit A hereto or (ii) if a deponent referred to in subparagraph (d) above refuses to sign a certificate in the form of Exhibit A, the deponent has been instructed that he or she is bound by the terms of this Stipulation and will be subject to this Court's jurisdiction for any violation of its terms. If any party to this Stipulation wishes to submit any Confidential Material to a court of competent jurisdiction pursuant to subparagraph (e) above, the

party shall, unless directed by the court do otherwise, attempt to submit such Confidential Material "under seal" by filing such Confidential Material in a sealed envelope or other appropriate sealed container, which envelope or container shall be marked "CONFIDENTIAL."

9. Any party receiving Confidential Material may request at any time permission to disclose such material to a person other than those permitted by Paragraph 7 above by serving a written request upon counsel for the producing party. This request shall state the information or material the party wishes to disclose and the person or entity to whom the party wishes to disclose the information or material. If consent is withheld, or if the parties are unable to agree on the terms and conditions of disclosure, the party seeking to make the disclosure may seek judicial intervention to resolve the dispute.

10. Except upon the prior written consent of the parties, parties to whom Highly Confidential Material is disclosed shall not disclose such Highly Confidential Material to any person other than:

   a. The counsel for the parties subscribing to this Stipulation and their legal, clerical or support staff;

   b. The individual parties, as well as the present or former officers, directors, trustees, or employees of the parties subscribing to this Stipulation (including their corporate affiliates), whose review of the Highly Confidential Material is needed for litigation of the Action;

   c. Expert witnesses or consultants who have agreed in writing to be bound by the terms of this Stipulation, provided that counsel, in good faith, requires their assistance in connection with the Action, further provided that any report created by such expert or consultant relying on or incorporating Highly Confidential Material in whole or in part shall be designated as Highly Confidential Material;

   d. Deponents, witnesses, and court reporters, in accordance with Paragraph 5 above;

   e. Any court of competent jurisdiction before which the Action is pending; and

   f. Outside copy and computer services personnel for purposes of copying, imaging, or indexing documents.

Highly Confidential Material shall not be disclosed to any person identified in subparagraphs (b), (c) and (d) above unless and until such person (i) has been given a copy of this Stipulation and has first

4

agreed in writing to be bound by the terms of this Stipulation in the form of Exhibit A hereto or (ii) if a deponent referred to in subparagraph (d) above refuses to sign a certificate in the form of Exhibit A, the deponent has been instructed the he or she is bound by the terms of this Stipulation and will be subject to the Court's jurisdiction for any violation of its terms. If any party to this Stipulation wishes to submit any Highly Confidential Material to a court of competent jurisdiction pursuant to subparagraph (e) above, the party shall, unless directed by the court to do otherwise, attempt to submit such Highly Confidential Material "under seal" by filing such Highly Confidential Material in a sealed envelope or other appropriate sealed container, which envelope or container shall be marked "HIGHLY CONFIDENTIAL."

11. If a party receives a subpoena or other form of judicial process compelling disclosure of Confidential Material or Highly Confidential Material to any person, the party shall, at least fourteen (14) days prior to the demanded disclosure, provide written notice by telecopier or hand delivery to counsel for the producing party notice of the subpoena or other form of judicial process calling for disclosure of Confidential Material or Highly Confidential Material. If written notice cannot be provided at least fourteen (14) days prior to the time of the production or other disclosure, the party shall, in addition, give notice to counsel for the designating party by telephone. In no even shall production or disclosure be made before reasonable notice is given to the other party. The purpose of this paragraph is to give the designating party an opportunity to intervene to object to the production or disclosure of Confidential Material or Highly Confidential Material pursuant to compulsory process.

12. Any party may object, by serving a written objection upon the other parties, to the designation by that party of any information or material as Confidential Material or Highly Confidential Material. The parties then shall attempt to resolve by agreement the question whether the document or information is entitled to confidential treatment. If the parties are unsuccessful at reaching an

5

agreement, nothing in this Stipulation shall preclude a party from seeking judicial intervention to resolve the dispute.

13. Nothing in this Stipulation shall prevent any producing party from using or disclosing his, her or its own documents or information. In addition, nothing in this Stipulation shall be construed in any way to control the use by a party of documents or information received at any time by that party outside the course of the discovery process in this litigation.

14. Inadvertent failure to designate material as Confidential Material or Highly Confidential Material at the time of production may be remedied by supplemental written notice. If such notice is given, all documents, materials or testimony so designated shall be fully designated as Confidential Material or Highly Confidential Material, as the case may be.

15. A party's compliance with the terms of this Stipulation shall not operate as an admission that any particular document or information is or is not (i) confidential, or (ii) privileged.

16. In the event that any Confidential Material and/or Highly Confidential Material are used in any Court proceeding in the Action or any appeal therefrom, they shall not lose their status as Confidential Material and/or Highly Confidential Material through such use, and the party using said information shall take all steps necessary to protect their confidentiality during such use, including, but not limited to, requesting the Court to hear counsel with respect to such information *in camera*.

17. Nothing herein shall prevent any party from seeking further greater or lesser protection with respect to the use of any Confidential Material and/or Highly Confidential Material in connection with any trial, hearing or other proceeding in this action.

18. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence or trial of this action. Nothing herein shall be construed to limit in any way any party's use of its own Confidential Material and/or Highly Confidential Material.

19. All Confidential Material, including Highly Confidential Material, and copies thereof (other than copies of documents filed with the Court) shall be destroyed or returned to the parties (at the election of the parties) within forty-five (45) days of a final adjudication (including any appeals) or other termination of the Action with respect to all defendants.

20. This Stipulation shall survive the termination of the Action and shall continue in full force and effect thereafter.

21. This Stipulation may be executed in whole or in counterparts.

*Please understand that the court will have to be convinced that material is truly Confidential in order to file opinions under seal — this green [?]*

Dated: June 18, 2009

*notwithstanding*

So Ordered

*[signature]* 8/24/09

WARNER LAW OFFICE

*Patrick G. Warner*
Patrick G. Warner *w/ permission*
pwarner@pwarnerlaw.com *(MC)*
7147 Addington Road
New Albany, OH 43054
Telephone: (614) 226-4077
Facsimile: (614) 386-1029

7

THE LAW OFFICES OF
KITRICK LEWIS & HARRISS

_/s/ M. Lewis_

Mark Kitrick
mkitrick@kitricklaw.com
Mark Lewis
mlewis@kitricklaw.com
515 E. Main Street, Suite 515
Columbus, OH 43215
Telephone: (614) 224-7711
Facsimile: (614) 225-8985


LAW OFFICES OF SCOTT A. BURSOR

_/s/ Scott A. Bursor_
w/ Permission (ML)

Scott A. Bursor
scott@bursor.com
500 Seventh Avenue, 10th Floor
New York, NY 10018
Telephone: (212) 989-9113
Facsimile: (212) 989-9163

*Attorneys for Plaintiff Mark Lucas*


POMERANTZ HAUDEK
GROSSMAN & GROSS LLP

_/s/ Marc I. Gross_

Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone:   (212) 661-1100
Facsimile:   (212) 661-8665

*Attorneys for Defendants*